FONT, DEMANDANTE Y APELANTE *v.* PORTO RICO RAILWAY, LIGHT AND POWER COMPANY, DEMANDADA Y APELADA.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 1ª. en un caso sobre indemnización de daños y perjuicios

No. 1058.—Resuelto en junio 15, 1914.

TRANVÍAS ELÉCTRICOS—COLOCACIÓN DE TABLONES EN LA VÍA—CONOCIMIENTO DE LA COMPAÑÍA.—Cuando de la prueba resulta que por espacio de seis meses han existido unos tablones colocados sobre un trozo de la vía de una compañía de tranvías eléctricos para facilitar el paso a través de la misma, dicha compañía, aunque se demuestre que no fué la que colocó los tablones, ni que prestara su consentimiento en regla para que fueran colocados por otra persona, no puede alegar ignorancia, debiendo presumirse que aceptó tal hecho y, en tal virtud, que debe estar y pasar por todas las consecuencias que puedan derivarse de su aceptación.

ID.—ACCIDENTE—JUEGO SOBRE LA VÍA—ESTOPPEL.—Cuando de la prueba resulta que el demandante al ser arrollado por el tranvía eléctrico, estaba jugando sobre unos tablones colocados sobre la vía, con el objeto de facilitar el paso a través de la misma, dicho demandante está impedido de reclamar indemnización de daños y perjuicios fundado en que la causa del accidente fué el estado defectuoso de dichos tablones.

Negligencia—Niños—Cuidado que Deben Ejercitar.—Aun cuando la ley no exige a los niños el mismo grado de cuidado y prudencia que a los adultos, sin embargo aquéllos están obligados a ejercitar el mismo grado de cuidado que acostumbran observar los niños prudentes de la misma edad e inteligencia en casos semejantes.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Joseph Anderson, Jr. yDamián Monserrat, Jr.*

Abogado de la apelada: *Sr. J. H. Brown.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

El presente es un caso sobre indemnización por daños a la persona de un niño.

En la demanda se alega, en resumen, que el demandante es un menor de edad, de diez años poco más o menos, residente en San Juan, y la demandada una corporación organizada y haciendo sus negocios bajo las leyes de Puerto Rico, con su oficina en San Juan; que dicha demandada es y era en la fecha que se indicará, la dueña y operadora de una línea de tranvías, movidos por fuerza eléctrica, a lo largo de la carretera, pasando por el suburbio de San Juan conocido por Santurce; que a eso de las ocho y media de la noche del 20 de marzo de 1912, el demandante, encontrándose en una tienda situada al lado sur de la carretera, y cerca de la parada 21 de la vía de la demandada, con el objeto de hacer varias compras, salió de dicha tienda, y habiendo visto que uno de los carros de la demandada se había detenido en la parada 21 y teniendo tiempo suficiente para cruzar, el demandante pisó la vía de la demandada con intención de cruzarla; que el sitio por donde el demandante intentó cruzar, ejercitando diligencia y cuidado razonables, se usa para ello por el público y estaba bien iluminado; que cuando el demandante había ya casi atravesado la vía penetró un pie dentro de un espacio entre ciertos tablones que habían sido colocados con permiso de la demandada, entre los raíles para facilitar el cruce por dicho sitio, quedando cogido de tal manera que le

fué imposible extraerlo; que en ese mismo momento el carro de la demandada que se había detenido en la parada 21, empezó de nuevo su marcha en dirección a donde se encontraba el demandante; que éste hizo esfuerzos supremos para libertarse y gritó al motorista: ''pare, pare, que me va a matar,'' cuando el motorista pudo oirle y cuando aun tenía tiempo de detener el carro; que el motorista negligente y descuidadamente permitió que el carro siguiera corriendo y arrolló al demandante de modo tal que su pie derecho fué destrozado habiendo habido necesidad de amputarle la pierna un poco más abajo de la rodilla; que, además, la demandada fué negligente al permitir que los tablones fueran colocados permanentemente sobre su propiedad y como una invitación al público para que cruzara por dicho sitio, en tales condiciones que constituían una amenaza para el público y diéron por resultado el daño ocasionado al demandante; que los tablones estaban parcialmente destruídos hacia sus puntas habiendo un espacio suficiente entre el raíl y el tablón, a la parte de adentro del raíl que da al norte de la carretera, que permitió que el pie calzado del demandante resbalara y cayera dentro de la abertura; que a consecuencia de la negligencia de la demandada en el manejo del carro y en haber permitido los tablones en el estado en que se encontraban, el demandante ha sufrido física y moralmente, perdiendo su pie derecho y parte de la pierna, quedando para siempre mutilado y humillado al tener que usar muletas, y habiendo gastado grandes sumas de dinero en médico, cirujano y medicinas. Por todo lo cual el demandante pidió a la corte que condenara a la demandada a pagarle la suma de treinta mil pesos y las costas, gastos y honorarios de abogado.

La demandada contestó específica y ampliamente las alegaciones de la demanda, aceptando el hecho de la realidad del accidente, pero negando que hubiera sido negligente en el manejo de su carro y que hubiera permitido la colocación de tablones en tal sitio, ni que fuera responsable por dicha colocación ni por las condiciones en que los tablones se encon-

traban. Alegó, además, la demandada, como defensas especiales: (*a*) que el accidente sufrido por el demandante y los daños que recibió en su consecuencia, fueron debidos únicamente a su culpa y negligencia, y (*b*) que aun en el caso de haber sido negligente el motorista empleado de la demandada, medió también como causa próxima del accidente la culpa y negligencia contributoria del demandante.

En el acto de la vista ambas partes practicaron sus pruebas, y la corte, el 1 de agosto de 1913, dictó sentencia declarando sin lugar la demanda, sin especial condenación de costas. Contra dicha sentencia, la parte demandante interpuso el presente recurso de apelación.

El demandante imputó a la demandada, como hemos visto, dos formas distintas de negligencia, a saber: en el manejo del carro y en la colocación de los tablones. Procederemos a su estudio en el orden en que fueron establecidas.

La prueba con respecto a cómo ocurrió el accidente resultó contradictoria y fué apreciada por la corte sentenciadora como demostrativa de que ''el demandante, que desde algún tiempo antes de ocurrir el suceso, se encontraba jugando con otros muchachos por los alrededores donde fué arrollado, intentó cruzar precipitadamente la vía, estando ya en moción el carro eléctrico que venía de la parada 21, a una distancia muy corta, y cuando ya casi había cruzado la referida vía, introdujo el pie derecho entre los tablones y el raíl, con tan mala suerte que no tuvo tiempo para extraerlo y escapar del peligro, pasándole el carro por encima de una pierna y ocasionándole el consiguiente daño. Los gritos del joven Pacheco y el desgraciado suceso, fueron casi simultáneos, pues el motorista, a pesar de los esfuerzos que hizo, no tuvo tiempo para detener el carro y evitar el accidente.''

Hemos estudiado cuidadosamente toda la prueba practicada. Dos testigos del demandante narran el suceso en forma más o menos parecida a la descripción que de él se hace en la demanda. Los testigos de la demandada sostienen que el suceso ocurrió en forma distinta, esto es, que él deman-

dante se encontraba jugando y con otros muchachos cruzó precipitadamente la vía cuando el carro estaba ya en movimiento y muy cerca y fué imposible detenerlo no obstante todos los esfuerzos que en tal sentido hizo el motorista.

La prueba resultó, pues, contradictoria y la corte de distrito aceptó como cierta la versión de los testigos de la parte demandada. La parte demandante no ha demostrado que la corte sentenciadora actuara movida por pasión, prejuicio o parcialidad. Del examen que hemos hecho de las pruebas, tampoco hemos encontrado que se haya cometido por la corte ningún error manifiesto al apreciarlas. Y en tal virtud, de acuerdo con la jurisprudencia repetidamente establecida, debemos aceptar como correctas las conclusiones del tribunal sentenciador, y aceptándolas, no es posible sostener que el accidente que privó de uno de sus pies al demandante, se deba a la negligencia de la demandada en la conducción del carro eléctrico.

Veamos si la demandada fué negligente en lo que respecta a la condición en que se encontraban los tablones.

La prueba demuestra que los tablones no fueron colocados por la demandada, sino por el dueño de cierto establecimiento mercantil que existe frente al sitio en que ocurrió el accidente, con objeto de facilitar el paso a pie desde la carretera al establecimiento. No consta con toda claridad que la demandada concediera permiso en regla para la colocación de los tablones, pero como es un hecho cierto que estuvieron allí colocados por espacio de seis meses, la compañía demandada no puede alegar ignorancia Por lo menos, aceptó el hecho y tiene que estar y pasar por todas las consecuencias que puedan derivarse de su aceptación.

Tampoco es clara la prueba con respecto a la naturaleza del defecto y a si pudo o nó ser observado y corregido a tiempo por la compañía demandada. Pero asumiendo que el defecto era patente y que la compañía demandada debió haberlo reparado, aun así nos encontramos con que la prueba, según la versión aceptada como cierta por la corte sentencia-

dora, demuestra que el demandante no usó de los tablones para los fines para los cuales fueron colocados, esto es, para atravesar desde la carretera al establecimiento a verificar algún negocio, sino para jugar con los carros, y mientras el demandante se encontraba ejercitándose con otros muchachos en ese juego peligroso, tuvo la mala fortuna de ser cogido por el carro eléctrico de la demandada, sin culpa por parte del motorista encargado de guiarlo. El testigo Dimas Antolín, declaró, página 45 de la transcripción, entre otros extremos, que "como una hora antes del suceso estuvo mirando al muchacho Font en aquel sitio. Estaba jugando con otros más; había veces que se acostaban en la vía cuando subía el *trolley,* y se decían unos a los otros, 'mira, que te coge,' 'no me coge nada,' y pensó que les iba a ocurrir una desgracia." Y el testigo Mariano Figueroa declaró, página 49 de la transcripción, también entre otros extremos, que "estando el 29 de marzo en la tienda esa frente a la de Fernando Carrasquillo, vió que tres niños se entretenían jugando en la acera del frente de la tienda y en momentos en que el carro ya venía muy cerca intentaron cruzar la vía pasando los dos primeros y cayendo el último."

Siendo esto así, de acuerdo con la jurisprudencia, el demandante está impedido de reclamar basándose en que los daños que recibiera se debieron a la existencia del defecto en los tablones colocados sobre la vía de la compañía demandada.

"Una persona que usa un camino meramente para jugar, y que sufre un daño ocasionado por un defecto existente en el mismo, no puede sostener una acción por daños y perjuicios contra la ciudad o pueblo obligado a conservar el camino en buen estado para los viajeros." *Margaret Fighe* v. *City of Lowell,* 119 Mass., 472.

"El demandante recibió un daño por defecto en el camino mientras lo usaba con el propósito expreso de celebrar carreras de caballos. *Se resolvió:* Que no podía entablarse una acción contra la ciudad que tenía el deber de reparar el camino." *McCarthy* v. *Portland,* 67 Me., 167; 24 A. R., 23.

"Una persona mayor de edad que está jugando con un perro en la acera y que no se dirija hacia ninguna parte, no puede sostenerse

que está usando el camino de tal manera que le dé derecho·a ser indemnizada por los perjuicios causados por los defectos que allí existan.'' *Jackson* v. *Greenville*, 27 L. R. A., 527.

En resumen, diremos que un examen detenido de la totalidad del caso, demuestra que el demandante recibió el daño de que se queja a consecuencia de su propia culpa y negligencia y no a consecuencia de la culpa y negligencia de la demandada.   Pero aun cuando pudiera concluirse que la compañia demandada había sido negligente en cierto modo con motivo de la colocación de los tablonos, la negligencia contributoria del demandante es tan clara, que nunca permitiría que pudiera dictarse una sentencia favorable a sus pretensiones.

Terminaremos nuestra opinión citando la siguiente jurisprudencia establecida en una decisión de la Corte Suprema del Estado de Maine, por virtud de la cual se resolvió un caso muy parecido a este de Ricardo Font Pacheco contra Porto Rico Railway, Light and Power Co.

''En un caso en que al tratar una niña de diez años y siete meses de edad de atravesar la vía de un tren eléctrico en una calle, el carro le pasa por encima, y en el que aparece que al intentar cruzar la vía, el carro pudo haber sido visto perfectamente por ella, y que entre ambos no podía existir una distancia mayor que la del largo de dicho carro; si resulta, además, evidente que dicha niña dejó de mirar para cerciorarse de la aproximación del carro y si lo hizo debió haberlo visto, *se resolvió:* que su negligencia contributoria constituye un obstáculo que la impide recobrar daños y perjuicios de la compañía del tren eléctrico.   Difícilmente podría considerarse el accidente de otra manera que no fuera la consecuencia de un impulso repentino e irreflexivo, o de una completa·osadía.

''Si bien la ley no exige a los niños el mismo grado de cuidado que a los adultos y no obstante ser la edad e inteligencia de una persona factores importantes al tomarse en consideración el hecho de si se ha ejercitado o no el debido cuidado, la demandante en este caso estaba sin embargo obligada a ejercitar aquel grado de cuidado que por lo general acostumbran observar los niños prudentes de la misma edad e inteligencia en casos semejantes.   *Se resolvió: que* la deman-

dante claramente dejó de observar el cuidado que debió haber ejercitado un niño de inteligencia como la suya." *Colomb* v. *Street Railway,* 100 Me., 418.

Debe declararse sin lugar el recurso y confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Aldrey.

El Juez Asociado Sr. Hutchison no formó parte del tribunal en la vista de este caso.